UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PATRICK GILTON | CIVIL ACTION |
| VERSUS | NO. 23-598 |
| JUDGE MARLA M. ABEL, ET AL. | SECTION "I" (2) |

### REPORT AND RECOMMENDATION

Plaintiff Patrick Gilton filed a complaint pursuant to 42 U.S.C. § 1983 which was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and(2). Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

I.     **FACTUAL ALLEGATIONS**

Gilton is a pretrial detainee housed in the Lafourche Parish Correctional Center. ECF No. 4-1, ¶II, at 2. Gilton filed a *pro se* and *in forma pauperis* complaint pursuant 42 U.S.C. § 1983 against Judge Marla A. Abel of the 17th Judicial District Court for Lafourche Parish, Lafourche Parish District Attorney Kristine Russell, and Assistant District Attorney Allie Fournet. *Id.*, ¶III(B)-(D), at 4. He alleges that the district attorney and assistant district attorney are falsifying documents and paperwork to frame him for something he did not do. *Id.*, ¶IV, at 4. He also claims that Judge Abel is not timely answering his motions and has denied motions without cause.

Gilton also asserts that he is proceeding *pro se* in his state criminal proceeding, and has asked the state court for a change of venue for his trial which, at the time of filing, was set for March 13, 2023. He claims that Judge Abel is trying to force him to accept a public defender and

tried to give plaintiff 10 years in prison without having a discovery motion. *Id*., ¶V, at 5. He claims that the prosecutors are trying to give him 30 years in prison for a crime he did not commit.

As relief, Gilton requests that an investigation be done into the abuse of power and authority by the Judges in the 17th Judicial District. *Id*. He also seeks a change of venue for his state court criminal proceeding.

## II. LEGAL STANDARDS

### A. Statutorily Required Screening

As soon as practicable after docketing, the court must review a prisoner's § 1983 complaint for a cognizable claim, or dismiss the complaint if it is frivolous and/or fails to state a claim.[1] A claim is frivolous if it "lacks an arguable basis in law or fact."[2] A claim lacks an arguable basis in law if it is "based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."[3] A factually frivolous claim alleges only facts that are "'clearly baseless,' . . . are 'fanciful,' 'fantastic,' and 'delusional' . . . [or] rise to the level of the irrational or wholly incredible . . . ."[4] A court may not dismiss a claim simply because the facts are "unlikely."[5]

A complaint fails to state a claim on which relief may be granted when the factual allegations do not rise above a speculative level, with the assumption that all factual allegations in the complaint are true, even if doubtful.[6] The Rule 12(b)(6) analysis is generally confined to a

---

[1] 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B); *Martin*, 156 F.3d at 579-80.
[2] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998); *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994). The law "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir. 1994) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).
[3] *Davis*, 157 F.3d at 1005 (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).
[4] *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).
[5] *Id*.
[6] *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

review of the complaint and its proper attachments.[7]  The Fifth Circuit has summarized the standard for Rule 12(b)(6):

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."[8]

"[W]hen evaluating a motion to dismiss under Rule 12(b)(6), a court must accept[ ] all well-pleaded facts as true and view[ ] those facts in the light most favorable to the plaintiff."[9]  Thus, the court should assume the veracity of all well-pleaded allegations, viewing them in the light most favorable to the plaintiff, "'and then determine whether they plausibly give rise to an entitlement to relief.'"[10]

In comparing a dismissal for failure to state a claim under 28 U.S.C. § 1915(e) and FED. R. CIV. P. 12(b)(6), *Neitzke v. Williams*, 490 U.S. 319 (1989), held that a claim that is dismissed under one rule does not "invariably fall afoul" of the other.[11]  If an *in forma pauperis* complaint lacks even an arguable basis in law, dismissal is appropriate under both Rule 12(b)(6) and § 1915(e).[12]  "When a complaint raises an arguable question of law which the district court ultimately finds is

---

[7] *Walch v. Adjutant Gen.'s Dep't*, 533 F.3d 289, 293 (5th Cir. 2008) (citation omitted).
[8] *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and quoting *Twombly*, 550 U.S. at 544).
[9] *Id.* at 803 n.44 (quoting *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009) (internal quotations omitted)); *accord Murchison Capital Partners, L.P. v. Nuance Commc'ns, Inc.*, 625 F. App'x 617, 618 n.1 (5th Cir. 2015) (citing *Wood v. Moss*, 572 U.S. 744, 755 n.5 (2014)); *Maloney Gaming Mgt., L.L.C. v. St. Tammany Par.*, 456 F. App'x 336, 340 (5th Cir. 2011) (quoting *Elsensohn v. St. Tammany Par. Sheriff's Ofc.*, 530 F.3d 368, 371 (5th Cir. 2008) (quoting *Iqbal*, 556 U.S. at 696); *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 n.10 (5th Cir. 2017)).
[10] *Jabary v. City of Allen*, 547 F. App'x 600, 604 (5th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 664); *see also Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).
[11] *Moore*, 976 F.2d at 269 (quoting *Neitzke*, 490 U.S. at 326) (citing 28 U.S.C. § 1915(d)) (current version at 28 U.S.C. § 1915(e)).
[12] *Id.*

correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under [§ 1915(e)'s] frivolousness standard is not."[13]

### B.     Required Elements of a § 1983 Claim

Section 1983 creates a damages remedy for the violation of federal constitutional or statutory rights under color of state law:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any . . . person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .[14]

"The purpose of § 1983 is to deter state actors from using their badge of authority to deprive individuals of federally guaranteed rights and to provide relief to victims if such deterrence fails."[15]

A plaintiff must satisfy three elements to establish § 1983 liability:

(1)     deprivation of a right secured by the U.S. Constitution or federal law;
(2)     that occurred under color of state law; and
(3)     was caused by a state actor.[16]

Because § 1983 merely provides a remedy for designated rights, rather than creating any substantive rights, "an underlying constitutional or statutory violation is a predicate to liability."[17] This requires the plaintiff to identify both the constitutional violation and the responsible person acting under color of state law.[18]  "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[19]

---

[13] *Id.*
[14] 42 U.S.C. § 1983.
[15] *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citing *Carey v. Piphus*, 435 U.S. 247, 254-57 (1978)).
[16] *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004) (citation omitted).
[17] *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997) (citation omitted).
[18] *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978).
[19] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); *accord Thibodeaux v. Bordelon*, 740 F.2d 329, 333 (5th Cir. 1984).

### III. ANALYSIS

#### A. *Heck* Doctrine

Gilton challenges several aspects of his state criminal proceedings pending in Lafourche Parish when he filed this complaint. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a claim under § 1983 is barred if success in the suit would necessarily imply the invalidity of an outstanding criminal conviction or a plaintiff's present confinement. This limitation avoids collateral attacks on convictions that are still outstanding.[20] Although the Supreme Court's decision in *Heck* concerned a civil action for monetary damages, the United States Court of Appeals for the Fifth Circuit has also applied *Heck* in cases in which the plaintiff also seeks injunctive relief.[21]

The Supreme Court applied a modified version of *Heck* to pretrial detainees in *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). In *Wallace*, the Court explained that, if a pretrial detainee files civil rights claims related to the validity of a pending criminal proceeding, the best practice is for the district court to stay the civil rights action until the pending criminal case is resolved to determine the impact of the *Heck* limitations.[22] The court in Wallace explained:

> If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.[23]

---

[20] *Heck*, 512 U.S. at 484-85.
[21] *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (*en banc*) (citing *Edwards v. Balisok*, 520 U.S. 641 (1997)).
[22] *Wallace*, 549 U.S. at 393-94; *see Mackey v. Dickson*, 47 F. 3d 744, 746 (5th Cir. 1995) (finding stay of pretrial § 1983 challenges to be the best practice).
[23] *Wallace*, 549 U.S. at 393-94 (citations omitted).

Gilton alleges that the prosecutors have falsified the evidence against him and the proceedings and his right to self-representation were being compromised by the trial judge. A favorable finding on his claims would necessarily call into question the legality of the proceedings and his pretrial confinement. As a pretrial detainee, under *Wallace*, his case could not proceed and would have to be stayed. If he has since been convicted, he has not alleged that any state or federal court has determined the terms of his confinement to be invalid or criticized in any of the ways discussed in *Heck* for this court to consider his claims.

Thus, the *Heck* bar and *Wallace* holding would normally compel a stay of certain pretrial, premature civil claims, or dismissal of post-conviction claims, like those raised by Gilton. The Fifth Circuit, however, requires a court to initially address dismissal of immune defendants[24] and improper claims that do not require abeyance under *Heck* or *Wallace*.[25] In this case, Gilton's claims against these defendants must be dismissed immediately under the absolute immunity doctrines discussed below without consideration under *Heck* and *Wallace*.

### B.   Absolute Immunity Bars Review of Gilton's Claims

Gilton has named the state trial judge and two state prosecutors as defendants in this suit. Under federal law, absolute immunity is granted to "judges, prosecutors and other persons acting 'under color of law' who perform official functions in the judicial process."[26] For the following reasons, the defendants are immune from suit, and Gilton's claims should be dismissed for that reason.

---

[24] Even if Gilton were acquitted of his state criminal charges before this Report is issued, his claims still would not survive dismissal because the defendants are immune from suit in federal court, as discussed later in this Report.
[25] *See Busick v. City of Madison, Miss.*, 90 F. App'x 713, 714 (5th Cir. 2004) (recognizing that the district court should consider grounds for dismissal other than *Heck*); *see also Boyd v. Biggers*, 31 F. 3d 279, 284 (5th Cir. 1994) (immunity must be considered as a threshold matter prior to applying *Heck*).
[26] *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983).

1. **Absolute Judicial Immunity**

Judge Abel enjoys absolute judicial immunity from the relief sought by Gilton in this case.[27] "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"[28] "Disagreeing with a judge's actions does not justify depriving that judge of his or her immunity."[29] Instead, absolute judicial immunity is overcome in only two narrow circumstances, neither of which would apply here.[30] First, a judge is not immune from liability for non-judicial actions, *i.e.* actions outside of the judge's judicial role.[31] Second a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction.[32]

To determine the judicial nature of a judge's actions, a court may consider:

(1) whether the precise act complained of is a normal judicial function;
(2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers;
(3) whether the controversy centered around a case pending before the court; and
(4) whether the acts arose directly out of a visit to the judge in an official capacity.[33]

---

[27] *See Mays v. Sudderth*, 97 F.3d 107, 110-11 (5th Cir. 1996); *LeClerc v. Webb*, 419 F.3d 405, 414 (5th Cir. 2005) (recognizing that the FCIA of 1996 precludes injunctive relief for suits against a judicial officer acting in a judicial capacity); *see also* 42 U.S.C. § 1983 ("[i]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable.")
[28] *Mays*, 97 F.3d at 111; *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *see Boyd*, 31 F.3d at 284 ("The alleged magnitude of the judge's errors or the mendacity of his acts is irrelevant.") (citing *Young v. Biggers*, 938 F.2d 565, 569 n.5 (5th Cir. 1991)).
[29] *Greenlee v. U.S. Dist. Ct.*, No. 09-2243, 2009 WL 1424514, at *2 (D. Kan. May 21, 2009) (citing *Stump v. Sparkman*, 435 U.S. 349, 363 (1978)).
[30] *Mireles*, 502 U.S. at 11-12.
[31] *Id*.
[32] *Id*.
[33] *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005) (quoting *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993)).

Thus, "[a] judge's acts are judicial in nature if they are 'normally performed by a judge' and the parties affected 'dealt with the judge in his judicial capacity.'"[34]

Gilton does not complain of any actions taken by Judge Abel that were not judicial in nature or taken in clear absence of all jurisdiction. Gilton instead simply disagrees with the judge's rulings and mandates in his criminal case over which she presides. As such, plaintiff's § 1983 claim against Judge Abel fails due to the doctrine of absolute judicial immunity.[35] For that reason, Gilton's § 1983 claims against Judge Abel must be dismissed pursuant to § 1915(e)(2)(B) and § 1915A(b) as frivolous, for failure to state a claim for which relief can be granted, and for seeking relief against an immune defendant.

### 2. Absolute Prosecutorial Immunity

Gilton also claims that District Attorney Russell and Assistant District Attorney Fournet have falsified evidence and pursued charges against him for a crime he did not commit. These defendants also enjoy absolute immunity from suit for damages under § 1983 related to their roles and actions as prosecutors in plaintiff's criminal case.[36]

"A prosecutor enjoys absolute immunity from personal liability for damages under section 1983 for actions 'initiating a prosecution and . . . presenting the State's case' and those 'intimately associated with the judicial phase of the criminal process.'"[37] Furthermore, "[a] prosecutor's absolute immunity will not be stripped because of action that was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in

---

[34] *Boyd*, 31 F.3d at 285 (quoting *Mireles*, 502 U.S. at 12).
[35] *Stump*, 435 U.S. at 349; *Graves v. Hampton*, 1 F.3d 315, 317-18 (5th Cir. 1993).
[36] *See Imbler v. Pachtman*, 424 U.S. 409 (1976); *Beard v. Wolf*, No. 13-4772, 2014 WL 3687236 at *2-3 (E.D. La. Jul. 22, 2014).
[37] *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir. 1997) (quoting *Imbler*, 424 U.S. at 430-31); *Quinn v. Roach*, 326 F. App'x 280, 292 (5th Cir. 2009).

the clear absence of all jurisdiction."[38]  The prosecutorial immunity also applies during "actions apart from the courtroom" which form an integral part of the court proceedings or their prosecutorial duties.[39]

Gilton's claims against these defendants are tied directly to their roles and actions as prosecutors in his state criminal proceedings.  Gilton's § 1983 claims against District Attorney Russell and Assistant District Attorney Fournet must be dismissed pursuant to § 1915(e)(2)(B) and § 1915A(b) as frivolous, for failure to state a claim for which relief can be granted, and for seeking relief against immune defendants.

### 3. Summary

Because the defendants are immune from suit, Gilton's claims against Judge Abel, District Attorney Russell, and Assistant District Attorney Fournet must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) as frivolous, for failure to state a claim for which relief can be granted, and for seeking relief against immune defendants.

## IV. RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff Patrick Gilton's 42 U.S.C. § 1983 claims against defendants Judge Abel, District Attorney Russell, and Assistant District Attorney Fournet be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) as frivolous, for failure to state a claim for which relief can be granted, and/or for seeking relief against immune defendants.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days**

---

[38] *Kerr v. Lyford*, 171 F.3d 330, 337 & n.10 (5th Cir. 1999), *abrogated in part on other grounds by Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003); *Champluvier v. Couch*, 309 F. App'x 902, 903 (5th Cir. 2009).
[39] *Imbler*, 424 U.S. at 431 n.33.

after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[40]

      New Orleans, Louisiana, this __9th__ day of June, 2023.

*[signature]*
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[40] *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996). *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.